McRAE, Justice,
Opinion on Motions:
Athough I have strong concerns about the gamesmanship indulged in by Laura Gibbes, Carlton Reeves, Frank Trapp and the Phelps Dunbar law firm, I reluctantly join the order of the Court. I would sanction all four severely. The emergency relief sought from this Court was frivolous and a sham. The three lawyers involved all had agreed to the decision to file for emergency relief; discussing it in advance of filing the motion. Their statement that the judge had ordered the wife to be jailed if she did not testify was completely false and was fabricated only to gain the relief they sought. They made further false representations when the case was settled, suggesting that everything now was moot when they knew, to the contrary, that the plaintiffs’ attorney had stated that every *477 thing was settled with the exception of two motions for sanctions which had been filed. None of the opinions even mention this second misrepresentation.
The defense simply did not want Mary Beth Coker Thomson, who married Thomson after the incidents complained of in the underlying criminal and civil eases, to be questioned by the plaintiffs. The plaintiffs, however, had merely made the statement that Mary Beth was Thomson’s wife and refused to allow her to testify. However, at other times, statements were made that if she testified, she would take the fifth amendment. At no time prior to the deposition was any actual evidence of the Thomsons’ current marital status submitted by the Phelps Dunbar firm. There was only the verbal statement of Thomson’s defense attorneys. Plaintiffs’ attorneys said that they wanted to see which horse Mary Beth would ride; that is, whether she would invoke the fifth amendment or refuse to testify because of her marriage to Thomson. They had to make her choose one or the other. Failing to do so, they could say she was not going to be a witness for deposition purposes, but later, have her show up as a witness at trial and have nothing to complain about. The defendants had the burden to prove that Mary Beth was married to Thomson and that the spousal privilege had been invoked. Without the deposition, nothing had been proven. The emergency relief sought without that statement, therefore, was frivolous since there was no showing whatsoever of irreparable harm. The burden was on Gibbes, Reeves, and Trapp to show that this was a legitimate motion. They apologized for making the false statement which was the sole basis for the emergency relief sought. However, even after requesting a hearing, they have failed to give any other underlying reason for the emergency relief they had sought. Caught with their hands in the cookie jar, they have no place to hide. Therefore, having failed to give any other reason for seeking relief, the three attorneys, as well as their firm, should be sanctioned for filing a frivolous motion.
I further disagree with the statement that Erik Lowery should have talked to the defense counsel. Wrung through the wringer as he was, it probably was best to wait a few days to talk and then, to communicate through correspondence.
Further, and more importantly, after the motion for sanctions was filed, settlement was reached in this case. The Phelps Dunbar firm notified this Court of the settlement and indicated that the motion for sanctions was now moot. Settlement, however, was reached with the specific condition that the plaintiffs would proceed with the motion for sanctions to see how this Court would rule.
Unfortunately, attorneys in small firms outside of Jackson, as well as sole practitioners, appear to be judged by one standard, whereas those practicing with the larger Jackson firms receive greater deference. I cannot agree with this dual standard. The majority, therefore, appears to simply opt out by choosing to make Reeves, the low man on the totem pole, the fall guy and to sanction only him. In fact, all three had agreed to file the motion at issue. All should be sanctioned. Their conduct regarding notice and more importantly, the misrepresentations in the motion for emergency relief as well as with regard to the mootness of the motion for sanctions, was egregious. Since they were all in this together, it is wrong to single out Reeves.
While the firm is a corporation, but for the fact of the individual attorneys, it is not licenced to practice law. However, the actions of the attorneys are the actions of the firm. When an individual attorney is sanctioned, then his firm also should be sanctioned. To do anything less extends special privileges to a corporate entity. It is important to note that our sanctions only go to what occurred in this Court, not what occurred in a lower court. Thus, while I agree with the imposition of sanctions, I feel that more serious sanctions should have been applied. Further, sanctions should extend to compensating the plaintiffs’ attorneys for their time spent in opposing the motions and bringing the matter before this Court.
DAN M. LEE, P.J., joins this opinion.